UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X
                                              :

JEAN C. FIGUEREO

                                              :   Civil No.:

                              Plaintiff,

                                              :

        -against-

                                              :

                                            :     **NOTICE OF REMOVAL**

PORTX INC. and SANTIAGO GRAVERAN       :      **TRIAL BY JURY**
                                                    **DEMANDED**

                            Defendants.     :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

TO:   **THE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF NEW YORK**

       PLEASE TAKE NOTICE, that defendants,  PORTX INC. and SANTIAGO GRAVERAN,

by and through their attorneys, Donohue Law Firm PC, hereby remove this action, pursuant to 28

U.S.C. Sec. 1332(a), 1441 and 1446 to the United States District Court for the Southern District

of New York. In support of this Notice of Removal, PORTX INC. and SANTIAGO GRAVERAN

state the following:

       1.      On January 17, 2022, plaintiff commenced an action in the Supreme Court of the

State of New York, Bronx County, captioned <u>JEAN C. FIGUEREO v.  PORTX INC. and

SANTIAGO GRAVERAN</u>, Index No. 800749/2022E.  A true and correct copy of the Summons

and Complaint is attached as **Exhibit 1**.


       2.      The Summons and Complaint asserts claims against defendants, PORTX INC. and

SANTIAGO GRAVERAN, for alleged negligence with regard to a motor vehicle accident on

October 12, 2021.

3.      On April 5, 2022, PORTX INC. and SANTIAGO GRAVERAN filed an Answer to the Complaint, a true and correct copy of which is attached as **Exhibit 2**.

4.      This Notice of Removal is being filed in the United States District Court for the Southern District of New York, the district in which the case is pending.

5.      This Notice of Removal is being filed within thirty (30) days of defendants' receipt, on or about June 24, 2022, of the plaintiff's Response to defendants' Demand for Statement of Damages dated June 24, 2022 and attached as **Exhibit 3** as required by 28 U.S.C. 1446 (b) (3).

6.      This Court has original jurisdiction over this action under 28 U.S.C. 1332 (a) (1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

7.      The Complaint alleges that plaintiff's place of residence was at all relevant times Bronx County, New York, thereby making her citizen of the State of New York for diversity purposes. *See, Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. Hdfc v. Dish Network, L.L.C.*, No. 15 Civ.1094, 2016 WL 1060328, at * 7 (S.D.N.Y.Mar. 15, 2016) (""[A]n individual's residence at the time a lawsuit is commenced provides prima facie evidence of his domicile'- which in turn determines citizenship." (quoting *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986)).

8.      The Plaintiff, JEAN C. FIGUEREO was an is a New York resident, residing at 1560 Grand Concourse, Apt. #518, Bronx, New York.

9.      The defendant SANTIAGO GRAVERAN was and is a New Jersey resident, residing at 428 Northwood Way, Palisades Park, New Jersey.

10.    The defendant PORTX INC. was and is a New Jersey corporation with its principal place of business in New Jersey.

11.    Plaintiff is a New York citizen and defendants are New Jersey citizens. As a result, the parties are completely diverse pursuant to 28 U.S.C. 1332 (a).

### AMOUNT IN CONTROVERSY

12.    Diversity jurisdiction under 28 U.S.C. 1332 also requires that the amount in controversy exclusive of interest and costs, be in excess of $75,000.

11.    The Statement of Damages claims One Million Dollars ($1,000,000.00) in damages. See **Exhibit 3**.

12.    Complete diversity exists between plaintiff, a citizen of New York and defendants, PORTX INC. and SANTIAGO GRAVERAN, citizens of New Jersey, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. 1332 (a).

13.    PORTX INC. and SANTIAGO GRAVERAN will provide plaintiff with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. 1446 (d) and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Bronx, where the Complaint was originally filed.

**WHEREFORE**, PORTX INC. and SANTIAGO GRAVERAN request that this action be removed from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York.

Dated: June 28, 2022

BY:   s/ *Robert D. Donohue*
ROBERT D. DONOHUE
**DONOHUE LAW FIRM, P.C.**

Attorneys for Defendants PORTX INC. and
SANTIAGO GRAVERAN
745 5TH AVENUE, 5TH FLOOR
New York, NY  10151
(212) 972-5252

TO:   HELEN F. DALTON & ASSOC., P.C.
      Attorneys for Plaintiff
      80-02 Kew Gardens Rd., Ste. 601
      Kew Gardens, NY 11415
      (T): 718-263-9591

# EXHIBIT 1

 **PM Legal**

1235 Broadway, 2nd Floor, NEW YORK, NY 10001
Phone: (212) 233-4040 Fax: (212) 732-4327
Email: info@pmlegal.com
www.pmlegal.com

 

**Supreme BRONX**

**Service of Process (including subpoenas and so-ordering), Commencement and Notice of Claims**
**File Affidavits**
**eFile if required**
**Serve Process**

## PLEASE SEND THIS SLIP WITH YOUR WORK

| **QU1** Acct # : HFD | Request # : **11-45-9749** | **Index # : 800749/2022E** |
| --- | --- | --- |

Dixie Escolero
HELEN F. DALTON & ASSOCIATES, P.C
80-02 KEW GARDENS ROAD, SUITE 601
KEW GARDENS,NY 11415

Plaintiff : JEAN C. FIGUEREO

Defendant : PORTX INC. AND SANTIAGO GRAVERAN,

Completion Date :

**Instructions :**
PLEASE SERVE S&C

| Client : | File No : 2021-E009 | Attorney : |
| --- | --- | --- |

Contact Person : Dixie Escolero

Email : dixie@helendalton.com    Phone No : 718-263-9591

Requested : 1/21/2022    Request # : **11-45-9749**    Printed : 1/21/2022

All services to be performed by PM Legal, as requested herein, are governed by and subject to the terms of service set forth at http://www.PMLegal.com/Terms.htm, which includes, but is not limited to, various DISCLAIMERS of IMPLIED OR EXPRESS WARRANTIES and a LIMITATION OF LIABILITY. Please refer to this link for full details.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------------X

JEAN C. FIGUEREO

PLAINTIFF,

-AGAINST-

PORTX INC. AND SANTIAGO GRAVERAN,

DEFENDANTS.

----------------------------------------------------------------------X

Index No.: 800 749/2022 E
Filed on 1/17/22

**SUMMONS**

Plaintiff designates BRONX
COUNTY as venue.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
1560 Grand Concourse
Bronx, NY 10457

County of BRONX

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:          KEW GARDENS, NY
                January 17, 2022

Yours, etc.

_____

Sofya Janashvili, Esq.
Helen F. Dalton & Associates, P.C.
Attorneys for Plaintiff
**JEAN C. FIGUEREO**
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
(718) 263-9591
Our File No. 2021-E009

TO:
PORTX INC.
239 LINDBERGH PLACE
PATERSON, NJ 07503

PORTX INC.
411 ROUTE 17
SUITE 320

HASBROUCK HEIGHTS, NJ 07604

SANTIAGO GRAVERAN
428 NORTHWOOD WAY
PALISADES PARK, NJ 07650

SANTIAGO GRAVERAN
53 47TH STREET, APT 1L
WEEHAWKEN, NJ 07086-7144

SANTIAGO GRAVERAN
513 CENTRAL AVE APT 2
UNION CITY, NJ 07087-2838

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
JEAN C. FIGUEREO

                 Plaintiff,

      -against-

PORTX INC. AND SANTIAGO GRAVERAN,

                 Defendants.
-------------------------------------------------------------------X

Index No.: 800749/2022 E

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, **HELEN F. DALTON & ASSOCIATES, P.C.,** complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

1.      At all times herein mentioned, Plaintiff, **JEAN C. FIGUEREO,** was, and still is, a resident of the County of Bronx, State of New York.

2.      At all times herein mentioned, Defendant, **PORTX INC.,** was, and still is, a domestic corporation duly organized and existing under the laws of the State of New York.

3.      At all times herein mentioned, Defendant, **PORTX INC.,** was, and still is, a foreign corporation duly organized and existing under the laws of the State of New York.

4.      That at all times herein mentioned, Defendant, **PORTX INC.,** maintained its principal office and place of business in the County of Passaic, State of New Jersey, located at 239 Lindbergh Place, Paterson, NJ 07503.

5.      At all times herein mentioned, Defendant, **SANTIAGO GRAVERAN,** was, and still is, a resident of the County of Bergen, State of New Jersey.

6.      At all times herein mentioned, Defendant, **PORTX INC.,** was the owner of a 2016 Freightliner motor vehicle bearing New Jersey license plate number AX563E.

7.      At all times hereinafter mentioned, Defendant, **SANTIAGO GRAVERAN,** operated the aforementioned motor vehicle bearing New Jersey State license plate number AX563E.

8.      At all times hereinafter mentioned, Defendant, **SANTIAGO GRAVERAN,** operated

the aforementioned motor vehicle with the permission of Defendant, **PORTX INC.**

9.      At all times hereinafter mentioned, Defendant, **SANTIAGO GRAVERAN,** operated the aforementioned motor vehicle with the knowledge of the Defendant, **PORTX INC.**

10.     At all times hereinafter mentioned, Defendant, **SANTIAGO GRAVERAN,** operated the aforementioned motor vehicle with the consent of the Defendant, **PORTX INC.**

11.     At all times hereinafter mentioned, Defendant, **PORTX INC.,** managed the aforesaid motor vehicle.

12.     At all times hereinafter mentioned, Defendant, **SANTIAGO GRAVERAN,** managed the aforementioned motor vehicle.

13.     At all times hereinafter mentioned, Defendant, **PORTX INC.,** maintained the aforementioned motor vehicle.

14.     At all times hereinafter mentioned, Defendant, **SANTIAGO GRAVERAN,** maintained the aforementioned motor vehicle.

15.     At all times hereinafter mentioned, Defendant, **PORTX INC.,** controlled the aforementioned motor vehicle.

16.     At all times hereinafter mentioned, Defendant, **SANTIAGO GRAVERAN,** controlled the aforementioned motor vehicle.

17.     At all times hereinafter mentioned, Defendant, **SANTIAGO GRAVERAN,** operated the aforementioned motor vehicle in the scope of his employment with Defendant, **PORTX INC.**

18.     At all times hereinafter mentioned, Plaintiff, **JEAN C. FIGUEREO,** was the operator of a 2000 Ford motor vehicle bearing New York State license plate number HAM4800.

19.     At all times hereinafter mentioned, on or about the Cross Bronx Expressway at or near its intersection with White Plains Road Overpass, County of Bronx, State of New York, was a roadway and/or thoroughfare used by the public generally.

20.     That on or about October 12, 2021, Defendant, **SANTIAGO GRAVERAN,** was operating the vehicle owned by Defendant, **PORTX INC.,** at the aforementioned location.

21.     That on or about October 12, 2021, Plaintiff, **JEAN C. FIGUEREO,** was operating his motor vehicle at the aforementioned location.

22.     That on or about October 12, 2021, at the aforementioned location, the motor vehicle owned by Defendant, **PORTX INC.,** and operated by Defendant, **SANTIAGO GRAVERAN,** came into contact with the motor vehicle operated by Plaintiff, **JEAN C. FIGUEREO**.

23.     That as a result of the aforesaid contact, Plaintiff, **JEAN C. FIGUEREO,** was injured.

24.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

25.     That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless in the premises.

26.     That by reason of the foregoing, Plaintiff, **JEAN C. FIGUEREO,** sustained severe and permanent personal injuries; and Plaintiff, **JEAN C. FIGUEREO,** was otherwise damaged.

27.     That Plaintiff, **JEAN C. FIGUEREO,** sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification.

28.     That Plaintiff, **JEAN C. FIGUEREO,** sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

29.     That Plaintiff, **JEAN C. FIGUEREO,** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

30.     That this action falls within one or more of the exceptions as set forth in CPLR §1602.

31.     That by reason of the foregoing, Plaintiff, **JEAN C. FIGUEREO,** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction over this matter.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF
## PLAINTIFF MIGUEL MONTANO FOR PROPERTY DAMAGE

32.     Plaintiff, **JEAN C. FIGUEREO**, repeats, reiterates and re-alleges each and every allegation contained in the First Cause of Action with the same force and effect as though same, more fully set forth at length herein.

33.     That at all times herein mentioned Plaintiff, **JEAN C. FIGUEREO**, was the owner of the aforementioned motor vehicle bearing New York State license plate number HAM4800.

34.     That Plaintiff, **JEAN C. FIGUEREO**, motor vehicle was rendered unusable and valueless as a result of the aforementioned collision.

35.   That solely by reason of the foregoing, Plaintiff, **JEAN C. FIGUEREO**, has sustained money damages in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this action.

WHEREFORE, Plaintiff, **JEAN C. FIGUEREO**, demands judgment on the First and Second Causes of Action against Defendants in an amount this court deems fair, just, and reasonable under the circumstances, together with costs and disbursements of this action.

Dated:        KEW GARDENS, NY
              January 12 , 2022               Yours, etc.

                                              _____
                                              Sofya Janashvili, Esq.
                                              Helen F. Dalton & Associates, P.C.
                                              Attorneys for Plaintiff
                                              **JEAN FIGUEREO**
                                              80-02 Kew Gardens Road, Suite 601
                                              Kew Gardens, NY 11415
                                              (718) 263-9591
                                              Our File No. 2021-E009

TO:
PORTX INC.
239 LINDBERGH PLACE
PATERSON, NJ 07503

PORTX INC.
411 ROUTE 17
SUITE 320
HASBROUCK HEIGHTS, NJ 07604

SANTIAGO GRAVERAN
428 NORTHWOOD WAY
PALISADES PARK, NJ 07650

SANTIAGO GRAVERAN
53 47TH STREET, APT 1L
WEEHAWKEN, NJ 07086-7144

SANTIAGO GRAVERAN
513 CENTRAL AVE APT 2
UNION CITY, NJ 07087-2838

**PLAINTIFF'S VERIFICATION**

STATE OF NEW YORK

ss:

COUNTY OF _Queens_

_Jean C. Figueireo_ , being duly sworn say: I am a **PLAINTIFF** in

the action herein and I have read the annexed

_Summons : Complaint_ .

I know the contents thereof, and the same are true to my knowledge, except those matters therein

which are stated to be alleged upon information and belief, and as to those matters, I believe

them to be true. My belief as to those matters therein not stated upon knowledge is based upon

facts, records, and other pertinent information contained in my personal files.

X _____

PLAINTIFF'S SIGNATURE

Sworn to before me this

_17_ day of _Jan, 2022_

_____
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20_23_

Index No. 800749/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JEAN C. FIGUEREO

                          Plaintiff,

        -against-

PORTX INC. AND SANTIAGO GRAVERAN,

                          Defendants.

SUMMONS AND VERIFIED COMPALINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
***Attorneys for Plaintiff***
**80-02 Kew Gardens Road, Suite 601**
**Kew Gardens, New York 11415**
**(718) 263-9591**

To:
PORTX INC.
239 LINDBERGH PLACE
PATERSON, NJ 07503

PORTX INC.
411 ROUTE 17
SUITE 320
HASBROUCK HEIGHTS, NJ 07604

SANTIAGO GRAVERAN
428 NORTHWOOD WAY
PALISADES PARK, NJ 07650

SANTIAGO GRAVERAN
53 47TH STREET, APT 1L
WEEHAWKEN, NJ 07086-7144

SANTIAGO GRAVERAN
513 CENTRAL AVE APT 2
UNION CITY, NJ 07087-2838

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** BRONX
-------------------------------------------------------------------x
JEAN C. FIGUEREO

                                   Plaintiff/Petitioner,

          - against -                                        Index No. 800749/2022E
PORTX INC. AND SANTIAGO
GRAVERAN,

                                   Defendant/Respondent.
-------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

      - serving and filing your documents electronically

      - free access to view and print your e-filed documents

      - limiting your number of trips to the courthouse

      - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: January 17,2022
_____

Sofya Janashvili, Esq.
_____
Name
Helen F. Dalton & Associates, P.C.
_____
Firm Name

80-02 Kew Gardens Road, Suite 601
_____

Kew Gardens, NY 11415
_____
Address

(718) 263-9591
_____
Phone

helendaltonpc@helendalton.com
_____
E-Mail

To: _____

_____

_____

2/24/20

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JEAN C. FIGUEREO                                    Index No.: 800749/2022E

                Plaintiff,

                                           **VERIFIED ANSWER**

       -against-

PORTX INC. and SANTIAGO GRAVERAN

                Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

      Defendants, PORTX INC. and SANTIAGO GRAVERAN by and through their attorneys,

DONOHUE LAW FIRM, P.C., answering the Plaintiff's Verified Complaint, upon information

and belief, state as follows:

1.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of the Verified Complaint as contained in the paragraphs thereof numbered "1", "18",

"19", "21" and "29".

2.     Deny each and every allegation of the Verified Complaint as contained in the paragraphs

thereof numbered "2", "3", "4", "5", "22", "23", "24", "25", "26",  "27", "28", "30" and "31".

3.     Deny each and every allegation of the Verified Complaint as contained in the paragraph

thereof numbered "11", "12", "13", "14", "15", "16" and "17"and leave all questions of law to this

honorable court.

## AS AND FOR A SECOND CAUSE OF ACTION

4.     The answering Defendants repeat, reiterate and reallege each and every answer contained

in the First Cause of Action.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the Verified Complaint as contained in the paragraph thereof numbered "33".

6.      Deny each and every allegation of the Verified Complaint as contained in the paragraphs thereof numbered "34" and "35".


### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from any collateral source, in accordance with the provisions and limitations of Section 4545(c) of the CPLR.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff did not sustain a serious injury as defined by Section 5102 of the Insurance law of the State of New York and their exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by Article 51, Section 5103 of the Insurance Law of the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence or assumption of risk, and not by the culpable conduct or negligence of the answering defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state a cause of action against the answering defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff failed to use or misused available seat belts, and thereby contributed to the alleged injuries.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the ground that the Court lacks personal jurisdiction over the answering defendants.

**WHEREFORE**, the answering defendants demand judgment dismissing the Verified Complaint, together with the costs and disbursements of this action, including attorneys' fees.

Dated:   New York, New York
             April 5, 2022

BY:   *Robert D. Donohue*
ROBERT D. DONOHUE
DONOHUE LAW FIRM, P.C.
Attorneys for Defendants
PORTX INC. and SANTIAGO GRAVERAN
745 5th Avenue, 5th Floor
New York, NY 10151
(212) 972-5252

3

To:    HELEN F. DALTON & ASSOC., P.C.
        Attorneys for Plaintiff
        80-02 Kew Gardens Rd., Ste. 601
        Kew Gardens, NY 11415
        718-263-9591

## <u>VERIFICATION</u>

ROBERT D. DONOHUE, an attorney admitted to practice in the Courts of the State of New York, affirm: that I am a member of the firm DONOHUE LAW FIRM, P.C., attorneys of record for the defendants, PORTX INC. and SANTIAGO GRAVERAN in the within action; that I have read the foregoing Verified Answer and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.  I further say that the reason this verification is made by me and not by the defendants is that the answering defendants do not reside or maintain a place of business within the County of New York where I maintain my office.

The grounds of my belief as to all matters not stated upon my knowledge are as follows: the records of the defendants made available to me.

I affirm that the foregoing statements are true, under penalties of perjury.


Dated:   New York, New York
         April 5, 2022

                                        _____*Robert D. Donohue*_____
                                        ROBERT D. DONOHUE

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JEAN C. FIGUEREO

                              Plaintiff,                       Index No.: 800749/2022E

           -against-

PORTX INC. and SANTIAGO GRAVERAN            **NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

                      Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

S I R S:

        PLEASE TAKE NOTICE that, pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of the plaintiff will be taken before a Notary Public who is not an attorney, or employee of any attorney, for any party or prospective party herein, and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any person herein at the offices of DONOHUE LAW FIRM, P.C., 745 5TH AVENUE, 5TH FLOOR, New York, New York at 10:00 a.m. on May 5, 2022.

Dated:   New York, New York
          April 5, 2022

                      BY:   *Robert D. Donohue*
                              ROBERT D. DONOHUE
                              DONOHUE LAW FIRM, P.C.
                              Attorneys for Defendants
                              PORTX INC. and SANTIAGO GRAVERAN
                              745 5TH AVENUE, 5TH FLOOR
                              NEW YORK, NY 10151
                              (212) 972-5252

To:    HELEN F. DALTON & ASSOC., P.C.
       Attorneys for Plaintiff
       80-02 Kew Gardens Rd., Ste. 601
       Kew Gardens, NY 11415
       718-263-9591

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
− − − − − − − − − − − − − − − − − − − − − − − − − − − − − − − −X

JEAN C. FIGUEREO

                         Plaintiff,                         Index No.: 800749/2022E

        -against-

                                                **DEMAND FOR A VERIFIED**
                                                **BILL OF PARTICULARS**

PORTX INC. and SANTIAGO GRAVERAN

                          Defendants.
− − − − − − − − − − − − − − − − − − − − − − − − − − − − − − − −X

S I R S:

      PLEASE TAKE NOTICE that pursuant to the provisions of the Civil Practice Law and

Rules, the undersigned hereby demands that you serve upon them, within twenty (20) days, a

Verified Bill of Particulars of the plaintiff's claim as alleged in the Complaint, setting forth

specifically and in detail the answers to the following items.

    1.      The approximate time of day that the alleged accident occurred, giving the day,
             month, year and approximate hour thereof.

    2.      The approximate place and location where the alleged accident occurred showing
             on what street or road, with the name thereof, if it occurred at intersecting streets,
             the names thereof and the particular part of the intersection; if it occurred between
             intersecting streets, the names thereof and the distance from the intersection.

    3.      The general direction and on what street or road, with the name thereof, that it is
             claimed the plaintiff's motor vehicle was proceeding at the time.

    4.      The general direction and on what street or road, with the name thereof, that it is
             claimed defendants' motor vehicles were proceeding at the time of the alleged
             accident.

    5.      A general statement of the acts of negligence on the part of the defendants, of
             which plaintiff complain.

    6.      The nature, location, extent and duration of each and every injury claimed to have
             been sustained by plaintiff as a result of the alleged accident.

7.   A.   Set forth which of the above injuries plaintiff will claim are "serious injuries" within the scope, definition and meaning of Section 5102(d) of the Insurance Law, and

   B.   Specify in what manner plaintiff will claim the injuries are "serious injuries".

8.   The age of plaintiff at the time of the alleged accident, and the length of time, if any, plaintiff was:

   a.   confined to a hospital;
   b.   confined to home;
   c.   confined to bed;
   d.   received medical care and attention, hospitalization, etc.

9.   The amounts of money expended by plaintiff for medical care and attention.

10.   State in what respect plaintiff have sustained serious injuries or suffered economic loss greater than the basic loss as defined under Section 5102(4) of the New York State Insurance Law.

11.   The nature of the usual occupation or vocation of the plaintiff at the time of the alleged accident, the amount of salary or income which he received therefrom, the length of time they were unable to pursue their usual occupation or vocation, and the amount of salary or income which they lost by reason thereof.

12.   The name and address of the employer(s) of plaintiff at the time of the alleged accident.

13.   The particular provision of the rules, regulations, statutes and ordinances of the State of New York with the title, article and section number thereof which it is claimed the defendants violated.

14.   If the Complaint alleges loss of or damage to an item of personal property, set forth separately as to each item:

   a)   A full and complete description of such item, its date of manufacture or creation, the date of its acquisition by the plaintiff, the cost of acquisition by the plaintiff, and the name of the person, firm or corporation from whom it was acquired.

   b)   A full and complete description of the physical damage claimed.

2

  c)  The amount of damage claimed and the manner in which such amounts have been computed, including in such computation any tax benefits claimed or reported on any tax return.

  d)  Whether any of the items set forth in subparagraph (a) above have been disposed of, repaired or replaced, and if so, set forth:

    i)  For each item disposed of, the manner of disposition, the date of disposition, the name of the person, firm or corporation to whom the item was transferred and the consideration therefor.

    ii)  For each item repaired, the date of the repair, the name of the party who made the repair, and the cost of repair.

    iii)  For each item replaced, the date and cost of replacement, and the name or corporation from whom the replacement was obtained.

PLEASE TAKE FURTHER NOTICE, that in case of your failure to serve said Bill of Particulars as demanded, we will move for an Order precluding the plaintiff from giving any evidence at the trial of this action concerning the matters contained in said demands.

Dated: New York, New York
    April 5, 2022

         BY: *Robert D. Donohue*
            ROBERT D. DONOHUE
            DONOHUE LAW FIRM, P.C.
            Attorneys for Defendants
            PORTX INC. and SANTIAGO GRAVERAN
            745 5TH AVENUE, 5TH FLOOR
            NEW YORK, NY 10151
            (212) 972-5252

To:  HELEN F. DALTON & ASSOC., P.C.
    Attorneys for Plaintiff
    80-02 Kew Gardens Rd., Ste. 601
    Kew Gardens, NY 11415
    718-263-9591

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — X

JEAN C. FIGUEREO

       Plaintiff,      Index No.: 800749/2022E

   -against-

                **DMAND FOR COLLATERAL**
PORTX INC. and SANTIAGO GRAVERAN   **SOURCE INFORMATION**

        Defendants.
— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — X

S I R S:

  PLEASE TAKE NOTICE, that you are hereby required to furnish to the undersigned

within twenty (20) days hereof pursuant to 3101 of the CPLR, all documents, bills, invoices,

receipts or canceled checks concerning indemnification, payment and/or reimbursements, in

whole or in part, which plaintiff have received from collateral sources, including but not limited

to insurance, for economic losses which the plaintiff will claim as special damages in this action.

  PLEASE TAKE FURTHER NOTICE, that this is a continuing demand and should any of

the information requested become available or known in the future, then you are required to

furnish same at such time.

Dated: New York, New York
   April 5, 2022

         BY: *Robert D. Donohue*
           ROBERT D. DONOHUE
           DONOHUE LAW FIRM, P.C.
           Attorneys for Defendants
           PORTX INC. and SANTIAGO GRAVERAN
           745 5TH AVENUE, 5TH FLOOR
           NEW YORK, NY 10151
           (212) 972-5252

To:     HELEN F. DALTON & ASSOC., P.C.
        Attorneys for Plaintiff
        80-02 Kew Gardens Rd., Ste. 601
        Kew Gardens, NY 11415
        718-263-9591

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JEAN C. FIGUEREO

               Plaintiff,                    Index No.: 800749/2022E

        -against-

                                          **DEMAND FOR INFORMATION**

PORTX INC. and SANTIAGO GRAVERAN

               Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

S I R S:

      PLEASE TAKE NOTICE, that you are hereby required to serve upon and deliver to the

undersigned, the following:

    1.      Pursuant to Rule 2103(e) of the CPLR, a list of those attorneys who have appeared in this action, together with their addresses and the name of the party for whom such attorney has appeared.

    2.      Pursuant to Section 3101(e) of the CPLR, a copy of any statement given by or on behalf of any answering defendants serving this notice.

    3.      Copies of the medical reports of those physicians who have previously treated or examined the party seeking recovery for the conditions claimed in this lawsuit. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those X-ray and technicians' reports which will be offered at the trial.

    4.      Copies of the medical reports of those physicians who will testify on behalf of the party seeking recovery. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those X-ray and technicians' reports which will be offered at the trial.

    5.      A copy of the written report of the subject accident prepared by any adverse party for submission and filing with the State of New York Department of Motor Vehicles commonly known as MV104.

6.      All photographs under the control of adverse parties or the attorneys or representative of the adverse parties showing the conditions of the accident site to be alleged to represent said site as of the time of the occurrence and intended to be introduced at the trial for this purpose.

7.      Photographs taken of the vehicle of any adverse party showing the extent of the damage, if any, to the adverse party's vehicle following the accident herein.

8.      Plaintiff's income tax returns for the calendar year of the occurrence and the two preceding calendar years.

9.      The name and address of plaintiff's employers and authorizations to secure employment records from all of the plaintiff's employers during the calendar year of the occurrence up to and including the present.

10.     Duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of all hospital records, and such other records including X-ray and technicians' reports as may be referred to and identified in the statement of the examined party's physicians.

11.     The name and address of any school attended by the plaintiff during the calendar years subsequent to the occurrence up to and including the present; and authorizations to secure the school records of any of the aforementioned schools attended by the plaintiff during the periods so specified.

12.     A duly executed and acknowledged written authorization permitting all parties to obtain and make copies of the plaintiff's no-fault file.

13.     Copy of the autopsy report.

    PLEASE TAKE NOTICE, that said discovery is to take place on May 5, 2022 at the offices of the undersigned, or a written communication enclosing the aforerequested information may be sent prior to the above-mentioned time in lieu of a personal appearance on that date.

Dated:   New York, New York
        April 5, 2022

BY:  *Robert D. Donohue*
       ROBERT D. DONOHUE
       DONOHUE LAW FIRM, P.C.
       Attorneys for Defendants
       PORTX INC. and SANTIAGO GRAVERAN
       745 5TH AVENUE, 5TH FLOOR
       NEW YORK, NY 10151
       (212) 972-5252

To:   HELEN F. DALTON & ASSOC., P.C.
     Attorneys for Plaintiff
     80-02 Kew Gardens Rd., Ste. 601
     Kew Gardens, NY 11415
     718-263-9591

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — X

JEAN C. FIGUEREO

                       Plaintiff,                    Index No.: 800749/2022E

         -against-

                                            **DEMAND FOR WITNESSES**

PORTX INC. and SANTIAGO GRAVERAN

                     Defendants.
— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — X

S I R S:

       PLEASE TAKE NOTICE, that pursuant to CPLR 310(a), and the cases of <u>Zellman v. Metropolitan Transportation Authority,</u> 40 A.D.2d 248, 339 N.Y.S.2d 255, and <u>Zayas v. Morales</u>, 45 A.D.2d 610, 360 N.Y.S.2d 279, and the defendants' demand, you are requested to produce and permit discovery by its attorneys or another acting on its behalf of the following:

       Names and addresses of all persons claimed by parties you represent herein to have either witnessed the occurrence or to have firsthand knowledge of same, or to have notice of the conditions proximately causing this occurrence, or having firsthand knowledge of facts and circumstances regarding this occurrence whether by the parties you represent at the scene of the occurrence or thereafter obtained by said attorneys or representatives.  If no such persons are known to said parties or representatives, so state in reply to this demand.  The defendants will object at time of trial of this action to the testimony of any person not so identified.

       PLEASE TAKE FURTHER NOTICE, that if the party you represent obtains names and addresses of persons who witnessed the occurrence or have firsthand knowledge of same, subsequent to the service of this notice, such information is to be furnished to the defendant whenever so obtained.  The defendants will object at the time of trial of this action to the testimony of any person not so identified.

PLEASE TAKE NOTICE, that said discovery is to take place on May 5, 2022 at the offices of the undersigned, or a written communication enclosing the aforerequested information may be sent prior to the above-mentioned time in lieu of a personal appearance on that date.

Dated:    New York, New York
          April 5, 2022

                         BY:    *Robert D. Donohue*
                                ROBERT D. DONOHUE
                                DONOHUE LAW FIRM, P.C.
                                Attorneys for Defendants
                                PORTX INC. and SANTIAGO GRAVERAN
                                745 5TH AVENUE, 5TH FLOOR
                                NEW YORK, NY 10151
                                (212) 972-5252


To:    HELEN F. DALTON & ASSOC., P.C.
       Attorneys for Plaintiff
       80-02 Kew Gardens Rd., Ste. 601
       Kew Gardens, NY 11415
       718-263-9591

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JEAN C. FIGUEREO

                                Index No.: 800749/2022E

                        Plaintiff,

        -against-

                                  **DEMAND FOR STATEMENT OF DAMAGES**

PORTX INC. and SANTIAGO GRAVERAN

                        Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

S I R S:

      PLEASE TAKE NOTICE, that you are hereby required to serve upon and deliver to the undersigned, the following:

      1.Set forth the total damages which plaintiff allege to be entitled.

      PLEASE TAKE FURTHER NOTICE, that failure to comply with the above-mentioned request will render the plaintiff subject to available provisions provided under the CPLR.

      PLEASE TAKE FURTHER NOTICE, that this is a continuing demand and should any of the information requested become available or known in the future, then you are required to furnish same at such time.

Dated:   New York, New York
         April 5, 2022

                              BY:  *Robert D. Donohue*
                                 ROBERT D. DONOHUE
                                 DONOHUE LAW FIRM, P.C.
                                 Attorneys for Defendants
                                 PORTX INC. and SANTIAGO GRAVERAN
                                 745 5TH AVENUE, 5TH FLOOR
                                 NEW YORK, NY 10151
                                 (212) 972-5252

To:     HELEN F. DALTON & ASSOC., P.C.
        Attorneys for Plaintiff
        80-02 Kew Gardens Rd., Ste. 601
        Kew Gadens, NY 11415
        718-263-9591

# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

JEAN C. FIGUEREO

PLAINTIFF,

-AGAINST-

PORTX INC. AND SANTIAGO GRAVERAN,

DEFENDANTS.

-----------------------------------------------------------------------X

**RESPONSE TO
DEFENDANT'S DEMANDS
FOR DISCOVERY AND
INSPECTION**

Index No.: 800749/2022E

Plaintiff JEAN C. FIGUEREO, by his attorneys, Helen F. Dalton & Associates, P.C., as and

for a response to Defendant, PORTX INC's Demands for Discovery and Inspection, allege as

follows:

### COLLATERAL SOURCE

An authorization for Plaintiff's No-Fault Insurance Carrier is annexed hereto.

### PARTIES APPEARING

The following are parties appearing for this action:

Plaintiff:   JEAN C. FIGUEREO
Attorneys:   Helen F. Dalton & Associates, P.C.
             80-02 Kew Gardens Road, Suite 601
             Kew Gardens, NY 11415
             (718) 263-9591

Defendant:   PORTX INC
Attorneys:   Donohue Law Firm, P.C.
             875 Merrick Avenue
             Westbury, NY 11590
             (212) 972-5252
             (212) 953-2381

### STATEMENTS

Other than the Police Accident Report, Plaintiff is not in possession of any adverse party

statements; however, Plaintiff reserves the right to provide same should this information become

available.

## MEDICAL INFORMATION

Authorizations for the following medical providers are annexed hereto:

1. Bronx Care, 1650 Grand Concourse Bronx, NY 10457.
2. Medical Imaging of Bronx P.C., 1500 Aster Ave, Bronx, NY 10469.
3. Bridge Medical, 110 East Street 23rd Floor, New York, NY 10022.
4. KTJ Physical Therapy, 1100 Pelham Pkwy S Bronx, NY 10461.
5. Hudson Regional Hospital, 55 Meadowlands Parkway, Secaucus, NJ 07094.

## EXPERT WITNESSES

The experts are the hospitals, physicians, dentists, and/or chiropractors, who are each licensed by the

State of New York and who will testify as to the diagnosis, prognosis, treatment, the extent and

duration of the injuries sustained by Plaintiff, and the reasonable value of the services rendered.

However, Plaintiff reserves the right to provide defendant with the name, address, and qualifications

of any expert witness retained prior to the trial of this action.

## PHOTOGRAPHS

Annexed hereto.

## TAX RECORDS

Not applicable. Upon information and belief, Plaintiff is not claiming loss wage not was he self-
employed.

## EMPLOYMENT RECORDS

Upon information and belief, Plaintiff is not claiming loss wages.

## SCHOOL RECORDS

Not applicable. Upon information and belief, Plaintiff was not a student at the time of accident.

## AUTOSPY REPORT

Not applicable.

## WITNESSES

Other than the parties involved in this occurrence, Plaintiff is not aware of any eyewitnesses.

However, Plaintiff reserves the right to serve further, amended and/or supplemental responses should

Plaintiff become aware of additional witnesses prior to the trial of this action.

## ACCIDENT REPORT

A Police Accident Report is annexed hereto.

## DAMAGES

Upon information and belief, Plaintiff is claiming entitlement to one million dollars.

Dated: Kew Gardens, NY
June 24 , 2022

Yours, etc.

Sofya Janashvili, Esq.
Helen F. Dalton & Associates, P.C.
*Attorneys for Plaintiff*
**JEAN C. FIGUEREO**
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
(718) 263-9591
File No.: 2021-E009

TO:
Robert D. Donohue, Esq.
Donohue Law Firm, P.C.
*Attorneys for Defendants*
**PORTX INC.
AND SANTIAGO GRAVERAN**
745 5th Avenue
5th floor
New York NY 10151
(212) 972-5252
File No.: